UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AN LAM § § § | |
| V. § § | CIVIL ACTION NO. 4:25-cv-2146 |
| THE UNITED STATES OF AMERICA § § § § | (Jury Demanded) |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs, An Lam and files this original complaint against The United States of America, and would show the Court the following:

### I.   Parties

1. Plaintiff, An Lam "Plaintiff" is a resident of Tomball, Texas.

2. Defendant, The United States of America, shall be served by sending a copy of the summons and complaint to **Alamdar Hamdani, US Attorney for the Southern District of Texas** by email at *usatxs.civilnotice@usdoj.gov*.

3. Defendant, The United States of America shall also be served by sending a copy of the summons and complaint to the **Civil Process Clerk, United States Attorney's Office**, 1000 Louisiana St, Ste 2300, Houston, TX 77002.

4. Defendant, The United States of America shall also be served by sending a copy of the summons and complaint by registered or certified mail to **Pam Bondi, Attorney General of the United States** at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

5. A copy of the summons and of the complaint shall also be served by sending a copy of the summons and complaint by registered or certified mail to **Thomas J. Marshall, General Counsel and Executive Vice President of the United States Postal Service** at 475 L'Enfant Plz SW, Washington DC 20260-1100.

## II.    Jurisdiction

6. The court has exclusive jurisdiction over the lawsuit as this action is brought pursuant to the Federal Tort Claims Act. Jurisdiction is appropriate pursuant to 28 U.S.C §§ 1346(b)(1), 2401(b), 2675(a) and 39 C.F.R. 912.9(a) as the administrative claim and required notice was previously by Plaintiffs to Defendant, and Defendant has not properly or formally notified Plaintiffs whether Defendant has accepted or denied Plaintiffs' claims as required by law. Six (6) months have passed since Plaintiffs' claim was submitted to Defendant.

## III.    Federal Tort Claims Act

7. The negligent acts or omissions of an employee of Defendant, The United States of America ("United States") through its department, The United States Postal Service, ("USPS"), acting within the employee's course and scope of his employment for Defendant, proximately caused the motor vehicle collision made the basis of Plaintiff's claims and Plaintiff's resulting damages.

8. Specifically, Jason Jules ("Jules"), an individual who was at all times material an employee of the United States and was acting within the course and scope of his employment with the United States, had a duty to exercise ordinary care to reasonably and prudently operate the vehicle he was driving, which was owned and/or under the actual control of the Defendant.

9. Under the laws of the State of Texas, a private person would be liable to Plaintiff for these acts or omission. In accordance with U.S.C. § 1356(b), the United States is liable to Plaintiff for Plaintiff's damages for the personal injuries described below.

### IV.   Venue

10. Venue is proper in this district under 28 U.S.C. §§ 1402(b) and 1391(e)(2) because the incident given rise to this claim occurred in this judicial district.

### V.   Conditions Precedent

11. All conditions precedent have been performed or have occurred.

### VI.   Temporary Abatement of Certain Statutory Claims

12. Plaintiff, AN LAM, hereby specifies that the below pleaded claims against the United States for violations of the Federal Tort Claims Act, 28 U.S.C. §1346(b), §1402(b), §2401(b) and §§2671-2680, are abated temporarily so that the requisite statutory notice periods may expire, after which time AN LAM will resume the prosecution of such statutory claims in conjunction with other claims pleaded herein which are not subject to abatement.

### VI.   Factual Allegations

13. On or about May 11, 2023, Plaintiff, An Lam ("Plaintiff" or "Lam") was traveling westbound on the W Greens Rd in Houston, Harris County, Texas. Defendant's

*Plaintiff's Original Complaint*

employee, Jason Jules ("Jules"), was the driver of Defendant's vehicle and was also travelling westbound on W Greens Rd, behind Plaintiff. After Plaintiff came to a complete stop at the intersection with Antoine Dr, Jules suddenly, unexpectedly and without warning failed to control the speed of his vehicle and struck the vehicle containing Plaintiff from behind. Jules' negligent acts and omissions proximately caused Plaintiff's injuries and damages. At all times relevant to this incident, Jules was an employee of, and in the course and scope of his employment with The United States Postal Service, ("USPS") and Defendant, The United States of America.

## VII. Negligence

14. Defendant's employee had a duty to exercise the degree of care that a person of reasonable and ordinary prudence to avoid harm to others under the same or similar circumstances as those described herein.

15. Plaintiff's injuries and damages were proximately caused by Defendant's employee's negligent, careless, and reckless disregard of said duty, while in the course and scope of his employment with the United States, including, but not limited to the following acts and omissions:

   15.1 Defendant's employee failed to keep a proper lookout for Plaintiff's safety that would have been maintained or exercised by a person of ordinary prudence under the same or similar circumstances.

   15.2 Defendant's employee failed to control the speed of his vehicle as a person of ordinary prudence exercising prudence would have done.

   15.3 Defendant's employee failed to stop or turn his vehicle to the left or right to avoid the collision with Plaintiff's vehicle.

15.4 Defendant's employee failed to operate his vehicle as a person using ordinary prudent care would have done.

15.5 Defendant's employee failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's vehicle.

15.6 Defendant's employee failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done.

15.7 Defendant's employee failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes to avoid the collision in question.

15.8 Defendant failed to properly inspect, maintain, and repair the vehicle operated, owned by, and/or under the control of Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages as set out herein; pre and post-judgment interest at the maximum rate allowed by law; costs of court; and such other and further relief, both general and special, to which Plaintiff may be entitled at law or in equity.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT
 By: */s/ David K. Mestemaker*
David K. Mestemaker
State Bar No. 13974600
Fed ID: 14410
dkm@mandsattorneys.com
**(Do not use this e-mail for service of documents)**
 By: */s/ Norman Straub*
Norman Straub
State Bar No. 00793002
nstraub@mandsattorneys.com
**(Do not use this e-mail for service of documents)**
 By: */s/ Jonathan B. Zumwalt*
Jonathan B. Zumwalt
State Bar No. 24053570
jbz@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel: (713) 626-8900/Fax: (713) 626-8910

ATTORNEYS FOR PLAINTIFF